UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

FILED

2013 MAY 31 A 10: 43

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

SELECT AUTO IMPORTS INCORPORATED,

Plaintiff,

v.

SELECT AUTO SALES LLC,
SELECT AUTO SALES OF DUMFRIES LLC,
and
BABOR BAKHTARY,

Defendants.

Case No. 1:13cv652
GBL-IDD

Jury Trial Demanded

## COMPLAINT

Plaintiff, Select Auto Imports Incorporated ("Plaintiff Select Auto Imports" or "Plaintiff"), by and through its undersigned counsel, pursuant to title 15, Chapter 22 of the United States Code ("the Lanham Act"), Virginia Code §§ 59.1-92.1 through 92.21 (the "Virginia Trademark and Service Mark Act"), and pursuant to U.S. Federal and Virginia Common Law (collectively, "Common Law"), brings this action for federal, state and common law trademark infringement, federal unfair competition, state unfair competition and cyberpiracy against Defendants Select Auto Sales LLC, Select Auto Sales of Dumfries LLC, and Babor Bakhtary (collectively, "Defendants").

Plaintiff Select Auto Imports hereby seeks (1) injunctive relief against Defendants' continued unauthorized and improper use and exploitation of any confusingly similar trademark to Plaintiff's trademark; and (2) and monetary damages arising from Defendants' past and present acts of infringement of Plaintiff's mark, including Defendants' acts of cyberpiracy and

1

unfair competition in violation of the Lanham Act, the Virginia Trademark and Service Mark Act and the common law of the Commonwealth of Virginia.

Plaintiff states as follows, upon actual knowledge with respect to itself and its own acts, and upon information and belief as to all other matters.

## THE PARTIES

1. Plaintiff Select Auto Imports Incorporated is a Virginia corporation incorporated under the laws of the Commonwealth of Virginia, with its principal place of business in Alexandria, Virginia.

2. On information and belief, Defendant Select Auto Sales LLC is a limited liability company organized under the laws of the Commonwealth of Virginia, with its principal place of business in Fredericksburg, Virginia.

3. On information and belief, Defendant Select Auto Sales of Dumfries LLC is a limited liability company organized under the laws of the Commonwealth of Virginia, with its principal place of business in Dumfries, Virginia.

4. On information and belief, Defendant Babor Bakhtary is an individual residing at 25439 Vacation Place, Aldie, Loudoun County, Virginia

5. On information and belief, Mr. Bakhtary is the owner of Defendant Select Auto Sales LLC.

6. On information and belief, Mr. Bakhtary is the owner of Defendant Select Auto Sales of Dumfries LLC.

## JURISDICTION AND VENUE

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1121, 28 U.S.C. § 1331 and 28 U.S.C. § 1338 over the federal trademark infringement claims and cyberpiracy claim, which

arise under the Federal Lanham Act; and this Court has jurisdiction pursuant to 28 U.S.C. § 1367 over the state unfair competition, statutory trademark infringement and common law trademark infringement claims.

8. Venue is proper pursuant to 28 U.S.C. § 1391 (b)-(c).

## SUMMARY OF FACTS

9. Plaintiff has been using its SELECT AUTO IMPORTS mark ("Plaintiff's SELECT Mark") in connection with its automobile dealership since at least as early as Plaintiff's date of incorporation on January 9, 1987. Plaintiff's principal place of business is in Alexandria, Virginia.

10. Plaintiff's SELECT Mark is distinctively and predominantly used and depicted as follows :

**SELECT AUTO** *imports*

11. On or about April 12, 2001, Plaintiff applied to register Plaintiff's SELECT Mark with the United States Patent and Trademark Office ("USPTO"). The USPTO registered Plaintiff's SELECT Mark on the Principal Register as Registration No. 2,567,206 on May 7, 2002. A copy of the registration of Plaintiff's SELECT Mark is attached as **Exhibit A**.

12. Plaintiff filed its first Declaration of Continued Use on May 23, 2008, and the USPTO accepted that declaration on June 24, 2008 (see **Exhibit B**).

13. Plaintiff filed its Combined Declaration of Continued Use and Application for Renewal on January 16, 2012, and the USPTO accepted that declaration and renewal application on February 27, 2012 (see **Exhibit C**).

14. The registration of Plaintiff's SELECT Mark is valid and subsisting.

15. On March 11, 2013, Plaintiff filed a Declaration of Incontestability under 15 U.S.C. §1065 based on Plaintiff's substantial and continuous use of Plaintiff's SELECT Mark in interstate commerce for five or more years since the date of registration. The USPTO acknowledged the incontestability declaration on March 19, 2013 (see **Exhibit D**).

16. As a result of the USPTO's acknowledgement of the incontestable nature of Plaintiff's SELECT Mark registration, Plaintiff's SELECT Mark registration is conclusive evidence of the validity of Plaintiff's SELECT Mark registration, of Plaintiff's ownership of Plaintiff's SELECT Mark, and of Plaintiff's exclusive right to use Plaintiff's SELECT Mark in connection with automobile dealership services.

17. Through substantial and continuous use of Plaintiff's SELECT Mark, Plaintiff has built up and established valuable nationwide rights and goodwill in Plaintiff's SELECT Mark. Plaintiff's use of Plaintiff's SELECT Mark designates Plaintiff as the source of its automobile dealership services, and asserts goodwill for Plaintiff's business, which is distinct from any other business, including those of Defendants.

18. Plaintiff spends significant resources to promote its automobile dealership, including but not limited to promotion via Plaintiff's website located at www.selectautoimports.com.

**Defendant Select Auto Sales LLC**

19. On information and belief, Defendant Babor Bahktary is the owner of Defendant Select Auto Sales LLC and is identified as such by the Commonwealth of Virginia's Motor Vehicle Dealer Board (see **Exhibit E**).

4

20. On information and belief, Defendant Babor Bahktary is the individual who organized Defendant Select Auto Sales LLC as a limited liability company under the laws of the Commonwealth of Virginia on September 25, 2012.

21. According to the Articles of Organization for Defendant Select Auto Sales LLC, Mr. Bahktary is identified as both the Registered Agent for Defendant Select Auto Sales LLC and as an "officer or director of a corporation that is a member or manager of the limited liability company." A copy of Defendant Select Auto Sales LLC's Certificate of Organization and Articles of Organization is attached as **Exhibit F**.

22. Defendant Select Auto Sales LLC is a limited liability company organized under the laws of the Commonwealth of Virginia.

23. Defendant Select Auto Sales LLC's principal business office is located at 7508 Centerville Road, Manassas, Virginia 20111.

24. Defendant Select Auto Sales LLC's automobile dealership is located at 4802 Jefferson Davis Highway, Fredericksburg, Virginia 22408.

**Defendant Select Auto Sales of Dumfries LLC**

25. On information and belief, Defendant Babor Bahktary is the owner of Defendant Select Auto Sales of Dumfries LLC and is identified as such by the Commonwealth of Virginia's Motor Vehicle Dealer Board (see **Exhibit G**).

26. On information and belief, Mr. Bahktary is the individual who organized Select Auto Sales of Dumfries LLC as a limited liability company under the laws of the Commonwealth of Virginia on July 26, 2012.

27. On information and belief, prior to its conversion to a limited liability company, Select Auto Sales of Dumfries was organized and operated as a corporation (also formed by Mr. Bahktary). **Exhibit H** is a copy of the April 14, 2012, Certificate of Incorporation and Articles of Incorporation for Defendant Select Auto Sales of Dumfries LLC's predecessor in name.

28. On information and belief, Mr. Bahktary filed the Articles of Incorporation and identified himself as the director of Defendant Select Auto Sales of Dumfries LLC's predecessor in name.

29. Defendant Select Auto Sales of Dumfries LLC's principal office and principal place of business are located at 17539 Jefferson Davis Highway, Dumfries, Virginia 22026.

30. On information and belief, Defendants first began to use the SELECT AUTO SALES mark in connection with automobile dealership services ("Defendants' SELECT Mark") in 2010.

31. Defendants promote Defendants' SELECT Mark online through the use of an infringing domain name www.selectautosalesonline.net ("Defendants' Domain Name") for a website that promotes and advertises Defendants' automobile dealership services.

32. On information and belief, with respect to Defendants' Domain Name, Defendants are an authorized licensee of Carsforsale.com, the registrant of Defendants' Domain Name.

33. Defendants' SELECT Mark and Defendants' Domain Name are virtually identical to Plaintiff's SELECT Mark in that the marks share the words "SELECT AUTO" and both are used in connection with the promotion and offering of automobile dealership services.

34. Defendants' use of a confusingly similar mark and domain name for identical services is likely to cause confusion among consumers as to the source of the services offered by

Plaintiff and Defendants, or cause a mistaken belief that there is an affiliation between Plaintiff and Defendants' businesses, or that Defendants' automobile dealership services are in some respect endorsed by Plaintiff.

35. Defendants began using the infringing Defendants' SELECT Mark and Defendants' Domain Name in commerce, without Plaintiff's authorization or consent, more than two decades after Plaintiff first began using Plaintiff's SELECT Mark in commerce.

36. Plaintiff and Defendants are direct competitors with respect to automobile dealership services in the same geographical area of Northern Virginia.

37. Due to the close proximity of Plaintiff and Defendants' businesses and Plaintiff's use of Plaintiff's SELECT Mark for more than two decades, Defendants were aware of Plaintiff's automobile dealership and the goodwill associated therewith.

38. In an attempt to capitalize on Plaintiff's goodwill and longstanding good reputation, Defendants adopted a virtually identical mark and domain name to use in connection with identical services. As a result, it has been and continues to be Defendants' intent to confuse and deceive the public as to the source of services offered by the respective parties.

39. Plaintiff has made several efforts to resolve this dispute amicably prior to initiating this law suit.

40. On March 21, 2013, Plaintiff's counsel notified Defendants via a certified letter to Defendants' Fredericksburg and Dumfries dealerships that their use of Defendants' SELECT Mark and Defendants' Domain Name is likely to cause confusion among the public with that of Plaintiff's SELECT Mark, resulting in infringement of Plaintiff's SELECT Mark as well as economic damages to Plaintiff. A copy of the March 21, 2013, letter is attached as **Exhibit I**.

41. Plaintiff's March 21, 2013, letter also demanded that Defendants cease and desist from all use of Defendants' SELECT Mark, Defendants' Domain Name and any confusingly similar mark and domain name.

42. Delivery of Plaintiff's March 21, 2013, letter to the Fredericksburg location was confirmed on March 29, 2013 (see **Exhibit J**).

43. On April 9, 2013, after receiving no response from Defendants, Lisa Dunner, one of Plaintiff's counsel, contacted an employee at each of Defendants' dealership locations in an attempt to locate and speak with Mr. Bakhtary. Ms. Dunner requested that Mr. Bakhtary return her call, but he has never responded.

44. On April 15, 2013, Ms. Dunner again telephoned Defendants' Fredericksburg location looking for Mr. Bakhtary and was advised that Mr. Bakhtary worked out of the Dumfries location.

45. Later on April 15, 2013, Ms. Dunner telephoned the Dumfries location and was advised by the Dumfries receptionist, Alexandra, that Mr. Bakhtary did not work there.

46. Ms. Dunner then again telephoned the Fredericksburg location and asked for the name of the owner of the dealership, but no one at Defendant's Fredericksburg dealership was willing to identify the owner or provide Ms. Dunner with the owner's name or contact information.

47. On April 22, 2013, Ms. Dunner forwarded a copy of Plaintiff's March 21, 2013, letter via Express Mail to Mr. Bakhtary as Defendants' Registered Agent at the address of record, specifically 7508 Centerville Rd., Manassas, Virginia 20111 (see **Exhibit K**). This April 22, 2013 letter was unclaimed—allegedly because no authorized person was available to sign for it (see **Exhibit L**).

48. As of the date of filing of this Complaint, Defendants have not responded to Plaintiff's March 21, 2013, demands, nor have Defendants returned any phone calls made by Plaintiff's counsel.

49. On information and belief, Defendants continue to use an infringing mark and domain name after being put on notice of Plaintiff's rights in Plaintiff's SELECT Mark.

50. Defendants continued use of an infringing mark is willful and deliberate.

51. Accordingly, Plaintiff files this action seeking, *inter alia*, preliminary and permanent injunctive relief against Defendants; recovery of Defendants' profits, together with Plaintiff's lost profits and other damages, both statutory and actual; trebling of the above damage awards for Defendants' willful and deliberate conduct; and recovery of Plaintiff's attorney's fees, pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117, Sections 59.1-92.12-13 of the Virginia Trademark and Service Mark Act, and Common Law.

## COUNT I

### TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT – 15 U.S.C. § 1114(1)

52. The information and allegations set forth in paragraphs 1 through 51 above are incorporated as though fully set forth herein.

53. Plaintiff is the owner of United States Trademark Registration No. 2,567,206, registered May 7, 2002, for automobile dealership services in Class 35. (See **Exhibit A**). This registration is valid and subsisting, and Plaintiff's SELECT Mark is distinctive of the services provided by Plaintiff. Plaintiff's SELECT Mark registration is considered legally incontestable by virtue of Plaintiff's substantial and continuous use of Plaintiff's SELECT Mark in interstate

commerce and Plaintiff's Declaration of Incontestability which has been acknowledged by the USPTO (see **Exhibit D**).

54. Defendants' SELECT Mark includes the identical first two words contained in Plaintiff's SELECT Mark, "SELECT AUTO," and Defendants' SELECT Mark is substantially indistinguishable from Plaintiff's SELECT Mark. As such, Defendants' SELECT Mark is a reproduction, counterfeit, copy and/or a colorable imitation of the registered Plaintiff's SELECT Mark.

55. Defendants have used Defendants' SELECT Mark in connection with the sale, offering for sale, and advertising of automobile dealership services in commerce.

56. Defendants' use of Defendants' SELECT Mark has been in connection with automobile dealership services that are identical to and directly competitive with Plaintiff's services and are offered in the same geographical area.

57. Defendants' unauthorized use of Defendants' SELECT Mark has caused, and will continue to cause, confusion, mistake, and/or deception of the public, thus constituting infringement of Plaintiff's federally registered Plaintiff's SELECT Mark in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

58. Defendants have adopted and used, and are continuing to use, their infringing mark with constructive and actual knowledge of Plaintiff's prior rights, with the intent to cause confusion, and in bad faith.

59. Plaintiff has no adequate remedy at law to address Defendants' infringement. Absent injunctive relief, Plaintiff will continue to be irreparably harmed by Defendants' actions. Plaintiff is thus entitled to preliminary and permanent injunctive relief, pursuant to Section 34 of

the Lanham Act, 15 U.S.C. § 1116, in the form of a Court Order demanding that Defendants cease and desist their infringement of Plaintiff's SELECT Mark.

## COUNT II

### UNFAIR COMPETITION UNDER THE LANHAM ACT - 15 U.S.C. § 1125(a)

60. The information and allegations set forth in paragraphs 1 through 59 above are incorporated as though fully set forth herein.

61. Defendants' SELECT Mark is a reproduction, counterfeit, copy and/or colorable imitation of the registered Plaintiff's SELECT Mark.

62. Defendants' unauthorized reproductions of Plaintiff's SELECT Mark and Defendants' unauthorized use thereof constitutes a false designation of origin of the automobile dealership services provided by Defendants, as well as false and misleading descriptions and/or representations of fact concerning the entity providing the services. Specifically:

    a. Defendants' actions have and will continue to cause the public to be confused, mistaken, and/or otherwise deceived into believing that Defendants are affiliated, connected with or associated with the Plaintiff and the automobile dealership services provided by Plaintiff, or that Plaintiff has approved of, or is the origin or sponsor of, the commercial activities of Defendants, or the services they provide.

    b. Defendants have used their imitations of Plaintiff's SELECT Mark in commercial advertising and promotion, thereby deceiving the public into believing that the nature, characteristics, qualities and geographic origin of Defendants' services and commercial activities are those of Plaintiff.

63. Defendants' false designation of origin, their misrepresentations of fact, and their deception of the public constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1).

64. Defendants have violated Section 43(a) of the Lanham Act despite their prior actual and constructive knowledge of Plaintiff's superior rights, and with the intent to cause confusion and mislead the public.

65. Plaintiff has no adequate remedy at law to address Defendants' violations of Section 43(a) of the Lanham Act. Absent injunctive relief, Plaintiff will continue to be irreparably harmed by the Defendants' actions. Plaintiff is thus entitled to preliminary and permanent injunctive relief, pursuant to Section 34 of the Lanham Act, 15 U.S.C. § 1116 in the form of a Court Order demanding that Defendants cease and desist their unfair competition and deceptive acts.

66. Plaintiff Select Auto Imports is also entitled to recover Defendants' profits, Plaintiff's lost profits, and other damages, and to reasonable attorney's fees, and other relief pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117.

## COUNT III

## CYBERPIRACY UNDER THE LANHAM ACT - 15 U.S.C. § 1125(d)

67. The information and allegations set forth in paragraphs 1 through 66 above are incorporated as though fully set forth herein.

68. Defendants operate a website under the domain name www.selectautosalesonline.net.

69. Defendants are believed to be an authorized licensee of Carsforsale.com, the domain registrant.

70. Defendants are using Defendants' Domain Name, which is confusingly similar to the distinctive Plaintiff's SELECT Mark.

71. Defendants' conduct has been undertaken with the bad faith intent to confuse the public, and to profit from the goodwill established by Plaintiff.

72. Defendants' actions, as alleged herein, violate the provisions of 15 U.S.C. § 1125(d).

73. Plaintiff has no adequate remedy at law to address Defendants' infringement. Absent injunctive relief, Plaintiff will continue to be irreparably harmed by Defendants' actions. Plaintiff is thus entitled to preliminary and permanent injunctive relief, pursuant to Section 34 of the Lanham Act, 15 U.S.C. § 1116 in the form of a Court Order demanding that Defendants cease and desist their infringement of Plaintiff's Mark and cybersquatting of the domain name www.selectautosalesonline.net.

74. Plaintiff is entitled to recover from Defendants all of the profits earned by Defendants as a result of their violations of 15 U.S.C. § 1125(d), Plaintiff's lost profits, and other damages, and Plaintiff's reasonable attorney's fees pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117.

75. Plaintiff may instead elect to recover statutory damages of not less than $1,000 and not more than $100,000 under 15 U.S.C. § 1117(d).

## COUNT IV

## TRADEMARK INFRINGEMENT UNDER THE VIRGINIA TRADEMARK AND SERVICE MARK ACT, VIRGINIA CODE §§ 59.1-92.12

76. The information and allegations set forth in paragraphs 1 through 75 above are incorporated as though fully set forth herein.

77. Defendants have wrongfully infringed upon Plaintiff's SELECT Mark, in violation of the Virginia Trademark and Service Mark Act, Virginia Code §§ 59.1-92.12, by, *inter alia*:

> (a) employing an unregistered service mark which reproduces, counterfeits, copies, and/or colorably imitates Plaintiff's registered Plaintiff's SELECT Mark;
>
> (b) using their unregistered mark throughout Northern Virginia (and elsewhere) in connection with the sale, offering for sale, distribution and advertising of directly competitive automobile dealership services, in the same geographical areas and through identical channels of trade as those of Plaintiff;
>
> (c) in a manner that has caused, and will continue to cause, confusion, mistake, and/or deception of consumers as to the source or origin of the services offered or provided by Defendants.

78. Defendants have knowingly and in bad faith used and reproduced Plaintiff's SELECT Mark, with the intention of causing confusion or mistake and/or deceiving consumers and other members of the public.

79. Plaintiff is thus entitled to preliminary and permanent injunctive relief in the form of a Court Order enjoining and restraining Defendants from their infringement of Plaintiff's SELECT Mark, and requiring Defendants to pay to Plaintiff all profits derived from and/or all

damages suffered by reason of such violations, together with its reasonable attorneys' fees, pursuant to §§ 59.1-92.13 of the Virginia Trademark and Service Mark Act.

## COUNT V

### COMMON LAW TRADEMARK INFRINGEMENT

80. The information and allegations set forth in paragraphs 1 through 79 above are incorporated as though fully set forth herein.

81. Defendants' use of Defendants' SELECT Mark that includes the words "SELECT AUTO," which are identical to the first two words in the registered Plaintiff's SELECT Mark, in connection with directly competitive automobile dealership services, in the same geographical area and through identical channels of trade, has caused, and will continue to cause, confusion, mistake, and/or deception of the public.

82. Defendants' acts are likely to confuse and deceive the public into believing that the automobile dealership services offered and provided by Defendants are services approved by, provided by, or affiliated with the services provided by Plaintiff.

83. Defendants, by the acts complained of herein, have competed unfairly with Plaintiff, and have otherwise used the valuable reputation and goodwill of Plaintiff and Plaintiff's SELECT Mark in order to promote, and unfairly benefit from the offering of their services. Defendants are unfairly benefitting from the goodwill in Plaintiff's SELECT Mark and reaping benefits from the fruits of Plaintiff's efforts and considerable investment.

84. Defendants' conduct and acts alleged above constitute trademark infringement at common law.

85. Defendants have adopted and used, and are continuing to use, their infringing marks with constructive and actual knowledge of Plaintiff's prior rights, with the intent to cause confusion, and in bad faith.

86. Plaintiff has no adequate remedy at law to address the Defendants' infringement. Absent injunctive relief, Plaintiff will continue to be irreparably harmed by the Defendants' actions. Plaintiff is thus entitled to preliminary and permanent injunctive relief, in the form of a Court Order demanding that Defendants cease and desist their infringement of Plaintiff's SELECT Mark.

**WHEREFORE**, Plaintiff Select Auto Imports prays that this Court award Plaintiff the following relief for Defendants' intentional violations of Plaintiff's rights, pursuant to the Lanham Act, the Virginia Trademark and Service Mark Act, and at Common Law, as set forth in Counts I through V above:

1. Grant preliminary and permanent injunctions restraining and enjoining Defendants, their agents, employees, representatives, and all others in privity or in concert with Defendants or acting on their behalf (a) against further acts of trademark infringement; (b) from manufacturing, distributing, promoting, and/or offering services under marks including the word "SELECT," or any other designation or mark resembling the Plaintiff's SELECT Mark as to likely cause confusion, deception, or mistake; and (c) from further damaging Plaintiff's goodwill and/or from competing unfairly with Plaintiff in connection with automobile dealership services;

2. Find that Defendants have infringed Plaintiff's SELECT Mark by the acts complained of herein and that said acts will damage and diminish the distinctiveness of Plaintiff's SELECT Mark unless Defendant is enjoined by this Court;

3. Find that Defendants have unfairly competed with Plaintiff by the acts complained of herein;

4. Grant an order requiring Defendants to deliver up for destruction all products and/or packaging, and all promotional and/or advertising material of any kind bearing the word "SELECT," and any other colorable imitations of Plaintiff's trade name or mark;

5. Grant an order requiring Defendants to abandon use of Defendants' Domain Name and any other domain name containing the word "SELECT," and to transfer any such domain names to Plaintiff;

6. Award to Plaintiff all Defendants' profits resulting from the offering of Defendants' services utilizing a mark confusingly similar to Plaintiff's SELECT Mark;

7. Award to Plaintiff all of its lost profits and other damages incurred as a result of Defendants' willful infringement and unfair competition;

8. Award Plaintiff treble the amount of the above damage awards for Defendants' willful and deliberate conduct;

9. Award Plaintiff, upon Plaintiff's election, statutory damages of not more than $2,000,000 for Defendants' intentional use of counterfeit marks under 15 U.S.C. § 1117(c), and not more than $100,000 for Defendants' intentional cyberpiracy under 15 U.S.C. § 1117(d);

10. Award to Plaintiff its attorney's fees and costs under 15 U.S.C. § 1117 and the Federal Rules of Civil Procedure; and

11. Grant to Plaintiff such other further relief as the Court may deem just and proper in the circumstances.

Plaintiff demands trial by jury.

Respectfully Submitted,

Dated: May 31, 2013

By: *[signature]*

Gregory P. Brummett, VA Bar #34432

BRUMMETT TECHLAW, PLLC
2201 Cooperative Way
Suite 600
Herndon, VA 20171
Telephone: 866-653-8600
Facsimile: 888-703-4446
Email: greg@brumtechlaw.com

*Counsel for Plaintiff*